UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN J. CHADWICK Father, <br> C. M. C. Minor Son, <br><br> Plaintiffs, <br><br> v. <br><br> BRETT CROUSORE Principal, Lawrence North High School, <br> BRIAN ATKINSON Assistant Principal, Lawrence North High School, <br> JIM BERISH Lt., Lawrence Police Department, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:21-cv-02921-SEB-MG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**SCREENING ORDER DISMISSING CASE WITH PREJUDICE**

Before the Court is *pro se* Plaintiff Dustin Chadwick's Second Amended Complaint, brought on behalf of his minor son, C.M.C., for screening under 28 U.S.C. § 1915.

**I.      STANDARD OF REVIEW**

When a plaintiff is allowed to proceed in *forma pauperis*, the Court has an obligation to ensure that the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* Dismissal under this statute is an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under

1

Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Put differently, it is not enough for Plaintiff simply to say that he has been illegally harmed. He must also state enough facts in his complaint for the Court to infer the ways in which the named Defendants could be held liable for the harm alleged. Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints, such as that filed here by Plaintiff, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation marks and citation omitted).

## II.   PROCEDURAL BACKGROUND

On November 24, 2021, Mr. Chadwick initiated this civil rights action on behalf of his minor son, C.M.C. In his original Complaint, Mr. Chadwick alleged that Defendants

Brett Crousore, Brian Atkinson, and Lieutenant Jim Berish[1] violated C.M.C.'s federal rights when C.M.C. was allegedly attacked by other students at Lawrence North High School. The Complaint alleged that six unidentified students entered the classroom, took the teacher's radio, and assaulted C.M.C. while security remained in the hallway.

We dismissed this Complaint because Mr. Chadwick did not assert how the three named Defendants participated in any of the events leading up to the alleged assault or how they were involved in violations of C.M.C.'s federal rights. Docket No. 9 at 5. In addition, we concluded that although Mr. Chadwick brought his claims pursuant to 42 U.S.C. § 1983, he failed to identify violations of federal rights created by the federal Constitution or any other federal statute. *Id.* at 6. Mr. Chadwick attempted to frame a claim based on Defendants' violation of C.M.C.'s Due Process rights by failing to affirmatively defend him, but, as we explained, the relationship between a school and a student does not entail the sort of restraint on personal liberty that triggers an affirmative duty under the Due Process Clause requiring the state to protect the student. *Id.* at 8. Mr. Chadwick also claimed Defendant Crousore discriminated against him as C.M.C.'s father, but no mention was made of his having been discriminated against based on his membership in any protected class. *Id.* at 7. We also dismissed Mr. Chadwick's state law claims of assault and battery, criminal confinement, and criminal mischief for lack of

---

[1] Mr. Chadwick lists in the case caption Brett Crousore as "Principal Lawrence North High School," Brian Atkinson as "Assistant Principal Lawrence North High School," and Lt. Jim Berish of the "Lawrence Police Department."

subject-matter jurisdiction, finding that there is no persuasive basis on which we should exercise our ancillary jurisdiction when the federal claims have not survived. *Id.* at 9.

In his First Amended Complaint, Mr. Chadwick alleges that C.M.C. informed "officials" at Lawrence North High School that he was being bullied, and that they were aware that C.M.C. was hiding in bathrooms and lockers and taking divergent routes to class to avoid encounters with some of the bullies. Defendant Atkinson had allegedly accused C.M.C. of stealing, and when Mr. Chadwick had inquired about an assault, he was told the details were confidential and would not be disclosed. Mr. Chadwick also spoke and met with Defendant Crousore on several occasions but was not informed of the details of any investigation into the alleged assault. Mr. Chadwick was instructed to stay away from the school; when he nonetheless returned, he was informed that he was trespassing.

Mr. Chadwick's First Amended Complaint required dismissal as well. As we explained, all the claims against Lt. Berish failed to include any allegations as to the manner in which Lt. Berish violated C.M.C.'s rights. Docket No. 12 at 6. Mr. Chadwick's claim that C.M.C.'s Eighth Amendment rights were violated "by mere carelessness and/or intent to cause harm" also required dismissal because the Eighth Amendment applies only to the federal government's treatment of criminal defendants. *Id.* at 6-7. Finally, we dismissed Mr. Chadwick's claim that school officials failed to comply with school policies related to bullying because any such claims against the school district based on an alleged violation of school policies must be brought against the Metropolitan School District of Lawrence Township as a defendant, which Mr. Chadwick did not do. *Id.*

4

We granted Mr. Chadwick one, final opportunity to fashion a viable complaint, if possible, informing him that if his second amended complaint fails to survive screening, we would necessarily have to dismiss his lawsuit, but with prejudice, meaning, it would be over for good. *Id.* at 9.

### III.    FACTUAL ALLEGATIONS

The following facts are taken from Plaintiff's Second Amended Complaint and are accepted as true for purposes of our screening review.

During the relevant time period, C.M.C. was enrolled as a student at Lawrence North High School in Indianapolis, Indiana. Mr. Chadwick alleges that on February 11, 2020, he and C.M.C.'s mother ("C.M.C.'s parents"), received a phone call from Defendant Brian Atkinson, the Assistant Principal of Lawrence North High School, regarding an incident involving their son. C.M.C.'s parents went to the school to speak with staff and were informed that C.M.C. was found hiding in the gym locker room and also had been accused of stealing. The following day, February 12, 2020, C.M.C. was allegedly approached by unidentified students who robbed him of his belt and thirty dollars in cash.

Two days later, on February 13, 2020, C.M.C. was allegedly assaulted during the school day by a group of students at Lawrence North High School. Specifically, Mr. Chadwick alleges that six students entered a classroom, moved tables and chairs to clear the room, took possession of a teacher's radio, assaulted C.M.C., and posted the assault on social media. Despite help being sought by Mr. Morgan, a teacher, from security posted in the hallway, the students were still able to reach C.M.C. and assault him.

C.M.C.'s parents were notified by phone by the school nurse concerning the incident, prompting them to pay another visit to the school later that day. C.M.C.'s parents were met and escorted by Defendant Atkinson to a private room to speak with him and an individual named Ms. Becca. Defendant Atkinson referred to C.M.C. as a "thief" and refused to answer Mr. Chadwick's questions about the assault on the grounds that those details were confidential. C.M.C. has not returned to the school since this incident.

On February 18, 2020, Defendant Atkinson allegedly pulled a student out of class three times to question him about C.M.C. and C.M.C.'s family. On February 21, 2020, Mr. Chadwick received a phone call from Defendant Brett Crousore, the Principal of Lawrence North High School, during which conversation Mr. Chadwick expressed his discontent with the school administration's response to the incident. Defendant Crousore informed Mr. Chadwick that though Mr. Chadwick was prohibited from being on school grounds, he would schedule a time for Mr. Chadwick and C.M.C.'s mother to meet with him in his office. The meeting occurred on February 27, 2020. Upon their arrival, Mr. Chadwick and C.M.C.'s mother were met by a police captain, a retired police captain, and Defendant Crousore. Mr. Chadwick was informed that nothing further would be done about the alleged assault of C.M.C. Thereafter, Mr. Chadwick contacted the Indianapolis Metropolitan Police Department North District and the Indiana State Police but was informed that nothing else could be done.

In his Second Amended Complaint, Mr. Chadwick alleges that Defendants Crousore, Atkinson, and Lieutenant Jim Berish of Lawrence Police Department were deliberately indifferent to C.M.C.'s complaints of bullying, failed to protect C.M.C. from the assault,

and failed to train school security personnel on "Security Threat Groups." Mr. Chadwick appears also to allege that the Defendants discriminated against him as C.M.C.'s father. As a result of the assault, C.M.C. sustained physical injuries, including multiple blows to the head and a slight concussion. He also experienced humiliation and emotional anguish. Plaintiffs seek damages in the amount of $100,000 and an order requiring the school to provide staff training to deal with "Security Threat Groups."

## IV. DISCUSSION AND DECISION

Applying the screening standards to the facts alleged in the Second Amended Complaint, we conclude that the Second Amended Complaint requires dismissal with prejudice because Mr. Chadwick has not resolved the pleading deficiencies outlined in our two prior orders dismissing his original Complaint and his First Amended Complaint.

In the Second Amended Complaint, Mr. Chadwick's claims are purportedly brought pursuant to 42 U.S.C. § 1983, but Section 1983 does not itself create or establish any federally protected rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). As explained in both of our prior screening orders, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* Local government units, along with local government officials sued in their official capacity, are "persons" subject to suit under § 1983. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978). "Section 1983 liability is imposed on an official 'who subjects, or causes to be subjected, any . . . person . . . to the

7

deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Barnhouse v. City of Muncie*, 499 F.Supp.3d 578, 588 (S.D. Ind. 2020) (quoting *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012)). "Individual liability under Section 1983 requires that the public official defendant was personally involved in the alleged constitutional deprivation." *Id.* (citing *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017)).

Mr. Chadwick again asserts a violation of the Eighth Amendment, which provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. However, as we have previously explained, "the Eighth Amendment serves as a limitation on the federal government's treatment of criminal defendants before and after conviction." Docket No. 12, at 6. "[T]his constitutional right is inapplicable here to the facts alleged because C.M.C. was not (nor is he currently) a criminal defendant." *Id.* at 6−7. The Eighth Amendment does not provide a basis for relief to Plaintiff, given the facts alleged here, and must be dismissed with prejudice.

Mr. Chadwick also appears to assert claims under the Fourteenth Amendment, which provides, in relevant part: "[n]o State shall … deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Specifically, Mr. Chadwick alleges that C.M.C.'s rights under the Due Process Clause were violated because the Defendants showed deliberate indifference towards C.M.C.'s safety and failed to protect him from the students' assault, and that Mr. Chadwick's rights under the Equal Protection

Clause were violated because Defendants discriminated against Mr. Chadwick as C.M.C.'s father. Both of these claims fail to allege a violation of the Fourteenth Amendment.

As for Mr. Chadwick's Due Process argument, the Supreme Court has rejected attempts to read the Fourteenth Amendment's Due Process Clause as an all-encompassing affirmative charter of government duties. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). Moreover, the Seventh Circuit has distinguished between the protections available to school children and the protections offered to mental patients and prisoners, holding that the relationship between a school and its pupil is not the sort of restraint on personal liberty that triggers the protection of the Due Process Clause and places an affirmative duty on the state to protect the student. *See J.O. v. Alton Comm. Unit Sch. Dist. 11*, 909 F.2d 267, 272–73 (7th Cir. 1990). Applying this precedent, we conclude again that the Second Amended Complaint fails to state a claim upon which relief may be granted because the Defendants had no affirmative duty under the Fourteenth Amendment to protect C.M.C. from bullying. *See id.*; *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) ("[S]chool officials do not have an affirmative duty to protect students[.]"); *Stevens v. Umsted*, 131 F.3d 697, 704 (7th Cir. 1997) ("[A]s [the student] was not in state custody, the complaint fails to allege facts sufficient to outline the existence of a state duty to protect him from private actors under the "custody" exception as outlined in *DeShaney* and its progeny.").

Mr. Chadwick also fails to state a claim for discrimination under the Fourteenth Amendment's Equal Protection Clause. To sufficiently frame such a claim, a plaintiff

must allege that a state actor intentionally discriminated against the plaintiff based upon his or her membership in a protected class and cannot merely allege that he was treated unfairly as an individual. *Adams v. Meloy*, No. 1:06-cv-1499, 2007 WL 2752388, at *2 (S.D. Ind. Sept. 17, 2007). Protected classes include race, national origin, and sex. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). Because Mr. Chadwick has not proffered any evidence based on any facts in his complaint to establish that he is a member of a protected class or to explain how he was discriminated against, any claim under the Fourteenth Amendment based on discrimination against him must also be dismissed.

To the extent that Mr. Chadwick alleges claims of assault, battery, and negligence, the Court chooses not to exercise ancillary jurisdiction over such claims. When federal law claims are dismissed before trial, the district court must decide whether to exercise supplemental jurisdiction over state law claims by considering factors like judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). We decline to exercise supplemental jurisdiction here over any and all claims that sound in state law. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

## V. CONCLUSION

Because the Second Amended Complaint fails to include any viable claim for relief against any Defendant, failing once again to correct the pleading deficiencies outlined in

the Court's two prior screening orders, Plaintiff's Second Amended Complaint [Docket No. 13] is hereby **DISMISSED WITH PREJUDICE.** Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 4/6/2023

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DUSTIN J. CHADWICK
8613 Royal Meadow Dr.
Indianapolis, IN 46217

C. M. C.
1005 Wild Ivy Trail
Franklin, IN 46131